IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID WILLIAM BARONE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-15-1149 |
| R. GRAHAM, et al., | * | |
| Respondents. | * | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner David William Barone's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 (ECF No. 1). No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons stated below, the Court will require Respondents, Warden R. Graham and the Office of the Attorney General of Maryland (collectively, the "State"), to file an additional response.

### I.  BACKGROUND

Barone received a two-day jury trial on June 20 and 21, 2005 in the Circuit Court for Wicomico County on charges of attempted murder and related offenses. (ECF No. 8-2). Barone was found guilty of first degree assault, second degree assault, reckless endangerment, and a weapon offense. (Id.). Barone was sentenced to serve two concurrent terms of eighteen years each and a three-year consecutive term for the weapon offense. (Id.).

Barone appealed his conviction to the Court of Special Appeals of Maryland which issued an unreported opinion on June 27, 2006 partially vacating a restitution award entered by the Circuit Court[1] but otherwise affirming the convictions. Further review was denied by the

---

[1] Pursuant to the decision of the appellate court, a new restitution hearing was held on August 17, 2007. (ECF No. 12 at Ex. 1 and 2). Upon resolution of the issue by the Circuit

Court of Appeals on September 15, 2006. Reconsideration of that decision was denied on August 26, 2008. (ECF No. 12 at p. 3); see Barone v. Bishop, Civil Action GLR-12-1586 at ECF 12, Ex. 6. Thus, Barone's conviction became final for purposes of federal habeas filing deadlines on November 24, 2008, the day the time for filing a Petition for Writ of Certiorari with the United States Supreme Court expired. See Sup.Ct. Rule 13.1 (setting 90-day time limit for filing a petition for writ of certiorari).

Barone filed a petition for post-conviction relief on March 3, 2009 in the Circuit Court for Wicomico County. (ECF No. 12 at Ex. 1). At that time, 98 days had run on the 365-day time limit for filing a federal habeas corpus petition, with the remaining 267 days stayed while post-conviction proceedings were pending. On July 16, 2010, the Circuit Court issued an opinion denying post-conviction relief. (Id.). Barone filed an application for leave to appeal the post-conviction decision which was summarily denied by the Court of Special Appeals on April 12, 2012, with the mandate issuing on May 16, 2012. See Barone v. Bishop, Civil Action GLR-12-1586 at ECF No. 12, Ex. 13 (D. Md.).

On May 29, 2012, Barone filed a Petition for Writ of Habeas Corpus in this Court. See Barone v. Bishop, Civil Action GLR-12-1586 at ECF No. 1 (D. Md.). The respondents asserted in answer to the Order to Show Cause in that case that Barone had included in his Petition claims that had not yet been considered by the appropriate state court. (Id. at ECF 12). Barone was directed to file a Reply and was further advised that he could waive consideration of the claims not yet exhausted or he could withdraw the petition, risking a subsequent petition being found untimely if his effort to exhaust the claims were not completed in time to meet the federal habeas

---

Court, Barone filed an appeal with the Court of Special Appeals resulting in an unreported January 28, 2009 opinion affirming the Circuit Court. Id. The mandate for that opinion issued on March 2, 2009. (Id.).

deadline.  (Id. at ECF 16).  Barone chose to withdraw the petition, (id. at ECF No. 19), and the petition was dismissed without prejudice on March 4, 2013.  (Id. at ECF No. 20).

On March 13, 2013, Barone filed a motion to reopen post-conviction proceedings with the Circuit Court for Wicomico County.  (ECF No. 12 at Ex. 1).  His application for leave to appeal the order denying his motion to reopen was summarily denied by the Court of Special Appeals on April 16, 2015; the mandate issued on May 18, 2015.  (Id.).  The instant Petition for Writ of Habeas Corpus was filed with this Court on April 22, 2015.  (ECF No. 1).  In its Response to Barone's Petition, the State asserts the Petition is time-barred.  (ECF No. 12).  The Court granted Barone twenty-eight days to file a Reply, which he did on July 29, 2015.  (ECF No. 14).

## II.     DISCUSSION

**A.     Legal Standard**

A one-year statute of limitations applies to habeas petitions in non-capital cases for an individual convicted in a state court.  See 28 U.S.C. § 2244(d).  This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" Hill v. Braxton, 277 F. 3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F. 3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, Barone must establish that either some wrongful conduct by the State contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. See Harris, 209 F. 3d at 330.

**B.   Analysis**

By the time Barone returned to this Court via the instant Petition for Writ of Habeas Corpus, the one-year filing deadline had expired. Specifically, the period of time that had been tolled (267 days) began to run again on May 16, 2012, the date the mandate issued from the Court of Special Appeals regarding his application for leave to appeal the denial of post-conviction relief, and expired on February 7, 2013. The statutory time limit was not tolled, as Barone would have it, while his 2012 Petition was pending with this Court, nor was it tolled when his motion to reopen post-conviction proceedings was filed because it had already expired.

In his Reply, Barone relies upon the fact that the State filed two Motions for Extensions of Time in his 2012 federal habeas case, delaying the time for him to attempt exhaustion of state remedies on the claims not yet exhausted. (ECF No. 14). Additionally, he seeks equitable tolling of the limitations period for the period of time his 2012 Petition was pending. (Id. at 3–

4

4).  It is clear that Barone has not been dilatory in his effort to return to state court to exhaust the claims raised in the 2012 petition, nor has he been dilatory in returning to this Court.  The State asserts in a conclusory fashion that Barone has not stated a basis for equitable tolling, but it does not address the matter in any meaningful way.  Before this Court determines whether Barone is entitled to equitable tolling of the limitations period, the State will be required to file a Reply addressing the matter.

Specifically, the State shall address whether the delay in resolving the first petition filed with this Court constitutes extraordinary circumstances that prevented Barone from timely filing the instant petition.  See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418(2012))).  A separate Order follows.

Entered this 16th day of August, 2016

/s/
_____
George L. Russell, III
United States District Judge