IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID WILLIAM BARONE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-15-1149 |
| R. GRAHAM, et al., | * | |
| Respondents. | * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner David William Barone's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Court must resolve whether Barone's Petition is timely in accordance with 28 U.S.C. § 2244(d). No hearing is necessary.[1] See Local Rule 105.6 (D.Md. 2016). For the reasons set forth below, the Court will dismiss the Petition as untimely, and it will not issue a certificate of appealability.

**I.   BACKGROUND**

In June 2005, a jury empaneled in the Circuit Court for Wicomico County, Maryland convicted Barone of multiple counts of first degree assault, second degree assault, and reckless endangerment, and one count of a weapon offense. (Id.). The Circuit Court sentenced Barone to a total of twenty-one years of incarceration. (Id.).

Barone appealed his conviction to the Court of Special Appeals of Maryland. (Id.). On June 27, 2006, the Court of Special Appeals issued an unreported opinion in which it partially

---

[1] Because no hearing is necessary, Barone's Motion for Appointment of Counsel (ECF No. 17) shall be denied. See Rule 8(c) of the Federal Rules Governing §2254 Habeas Corpus cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed . . . ." (emphasis added)).


vacated the Circuit Court's restitution award,[2] but otherwise affirmed the convictions.  (See ECF No. 12-2 at 3).  On September 15, 2006, the Court of Appeals denied further review, and, on August 26, 2008, the court denied reconsideration of this ruling.  (See Barone v. Bishop, No. GLR-12-1586 (D.Md. dismissed Mar. 4, 2013) ("Barone I") (ECF No. 12, Ex. 6).

On March 3, 2009, Barone filed a petition for post-conviction relief in the Circuit Court for Wicomico County.  (ECF No. 12-1).  On July 16, 2010, the Circuit Court denied post-conviction relief.  (Id.).  Barone filed an application for leave to appeal the post-conviction decision, which the Court of Special Appeals summarily denied on April 12, 2012.  (Id.).  The mandate issued on May 16, 2012.  (See Barone I at ECF No. 12, Ex. 13).

On May 29, 2012, Barone filed a petition for writ of habeas corpus in this Court ("Barone I").  (See Barone I, ECF No. 1).  Respondents asserted in answer to the Court's Order to Show Cause that Barone had not exhausted all of his claims in state court.  (Id. at ECF No. 12).  The Court directed Barone to file a Reply.  (Id. at ECF No. 16).  The Court advised Barone he could waive consideration of the unexhausted claims or withdraw the petition.  (Id.).  The Court also forewarned Barone that withdrawing his petition could result in any future petition being outside the limitation period.  Barone elected to withdraw the petition, (id. at ECF No. 19), and, on March 4, 2013, the Court dismissed the petition without prejudice, (id. at ECF No. 20).

On March 13, 2013, Barone filed a motion to reopen post-conviction proceedings with the Circuit Court for Wicomico County.  On April 16, 2015, the Court of Special Appeals

---

[2] A new restitution hearing was held on August 17, 2007, pursuant to the decision issued by the appellate court. (ECF Nos. 12-1, 12-2). Upon resolution of the issue by the Circuit Court, Barone filed an appeal with the Court of Special Appeals, resulting in an unreported January 28, 2009 opinion affirming the Circuit Court. (Id.). The mandate for that opinion issued on March 2, 2009. (Id.).

summarily denied Barone's application for leave to appeal the order denying his motion to reopen; the mandate issued on May 18, 2015. (Id.).

Barone filed the instant Petition for Writ of Habeas Corpus on April 22, 2015. (ECF No. 1). Respondents filed an Answer on July 8, 2015 (ECF No. 12) and Barone replied on July 29, 2015 (ECF No. 14). Respondents also filed a Supplemental Answer on September 13, 2016 (ECF No. 20), to which Barone replied on September 26, 2016 (ECF No. 21).

## II.     DISCUSSION

**A.     Analysis**

Under 28 U.S.C. § 2244(d), there is a one-year statute of limitations for filing habeas petitions when the petitioner was convicted in state court. The period begins to run "on the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d) (emphasis added).

The running of the one-year limitation period is tolled when state post-conviction proceedings are pending in any state court. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). "Upon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes." Id.

The one-year limitation period is also subject to equitable tolling, but only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (quoting Harris, 209 F. 3d at 330). To be entitled to equitable tolling, Barone must establish that his delay in filing his Petition is attributable to either wrongful conduct by Respondents or extraordinary circumstances beyond his control that made it impossible to file his Petition on time. See Harris, 209 F.3d at 330.

A petitioner's status as a pro se litigant does not constitute an extraordinary circumstance that tolls the limitation period. See Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging lack of legal knowledge and legal resources, equitable tolling has not been warranted." (quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000))); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim.").

Importantly, a federal habeas petition does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of §2244(d)(2) and, therefore, does not toll the limitation period while it is pending). Furthermore, ignorance of this rule is not an extraordinary circumstance that tolls the limitation period. See Felder v. Johnson, 204 F.3d 168, 171–73 (5th Cir. 2000) (explaining that ignorance of the law is not a rare and extraordinary circumstance warranting equitable tolling).

Here, the limitation period began to run on November 24, 2008—when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. See Sup.Ct. Rule 13.1 (establishing 90-day time limit for filing a petition for writ of certiorari). The limitation period then stopped, temporarily, on March 3, 2009, when Barone filed his petition for post-conviction relief in the Circuit Court for Wicomico County. At that time, 99 days of the limitation period had elapsed.

The limitation period began to run again on May 16, 2012, when the Court of Special Appeals issued its mandate denying Barone's application for leave to appeal the Circuit Court's denial of Baron's post-conviction petition. The period ran until March 13, 2013, when Barone

filed a motion to reopen post-conviction proceedings with the Circuit Court for Wicomico County. At that time, an additional 301 days of the limitation period had elapsed. Because the sum of 99 days and 301 days exceeds 365 days, Barone's Petition is only timely if Barone is entitled to equitable tolling.

Respondents argue Barone is not entitled to an equitable tolling because he has not demonstrated that he pursued his rights diligently or that there were extraordinary circumstances that precluded timeliness. (See ECF No. 20). In reply, Barone contends, without explanation, that he is innocent. (ECF No. 21). Barone also maintains that the conditions of his incarceration, including the lack of legal assistance and access to a legal library, as well as his transfers between prisons, were extraordinary circumstances that prevented him from filing his Petition on time. (Id.).

Barone's arguments in favor of equitable tolling are unavailing. First, the Court forewarned Barone that withdrawing the Barone I petition could place him at risk of filing an untimely petition in the future. Second, Barone's pro se status is not an extraordinary circumstance. Third, Barone's failure to recognize that the time during which his Barone I petition was pending did not toll the limitation period does not excuse the untimeliness of this Petition.

At bottom, Barone has failed to adequately demonstrate that the instant case is among "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill, 277 F.3d at 704 (quoting Harris, 209 F. 3d at 330). Accordingly, the Court will dismiss Barone's Petition on solely the procedural ground of untimeliness.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  Barone fails to meet this standard.

### III.  CONCLUSION

For the foregoing reasons, the Court will DISMISS Barone's Petition and WILL NOT ISSUE a certificate of Appealability.  A separate Order follows.

Entered this 13th day of October, 2016

                                      /s/
                            _____
                            George L. Russell, III
                            United States District Judge